**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: LEVEL III TRADING PARTNERS, LP, | CHAPTER 11 |
| | SECTION A |
| DEBTOR. | |
| | NO. 13-12120 |

| | |
|---|---|
| PATRICK C. COTTER, IN HIS CAPACITY AS TRUSTEE OF THE LEVEL III TRADING PARTNERS LP LITIGATION TRUST, | ADV. PROCEEDING NO. |
| | 15-01039 |
| PLAINTIFF, | |
| V. | |
| ROBIN E. MURRAY AND V. DIANNE WELLER MURRAY, | |
| DEFENDANTS. | |

**ORDER DENYING MOTION TO ENFORCE**

This matter is before the Court on Defendants' *Re-Urged Motion to Enforce Order on Consent Motion for Stipulated Dismissal* ("Second Motion To Enforce"). [ECF Doc. 73]. No Response in Opposition was filed by the Litigation Trust Trustee, Elizabeth Andrus, ("Trustee Andrus").

The Second Motion To Enforce seeks to enforce the Order on Consent Motion for Stipulated Dismissal ("Consent Order"). [ECF Doc. 65]. The Consent Order permits payment of attorneys' fees by the Trustee (at the time of the Consent Order, the Litigation Trust Trustee referred to is attorney Patrick Cotter ("Trustee Cotter"), who resigned from his duties on February 5, 2018), to Defendants Robin E. Murray and V. Dianne Weller Murray in the amount of $2,500.00. *Id.* The Second Motion To Enforce raises the same issue as a previous, identical

motion to enforce filed by the Defendants (the "First Motion To Enforce"). [ECF Doc. 66]. Interpreting the Consent Order to allow recovery to the Defendants from fees paid to Trustee Cotter, this Court denied without prejudice the First Motion To Enforce, allowing for the possibility that a fee application could be filed by or on behalf of Trustee Cotter. *See* ECF Docs. 70 & 80. To date, no fee application has been filed by or on behalf of Trustee Cotter. All of the funds in the Litigation Trustee were fully administered and an Order Granting the Motion for Final Decree has been entered in the main case. *See* Main Case No.: 13-12120, ECF Doc. 380.

Now, having considered the Second Motion To Enforce and the record in its entirety, the Court finds as follows:

**IT IS ORDERED** that the Second Motion To Enforce is hereby DENIED with prejudice. A plain reading of the Consent Order indicates:

> The Trustee shall only pay this amount in the event that administrative compensation to the Trustee is authorized in sufficient amounts to pay this settlement, that such funds are actually recovered by the Trustee, and that such funds are lawfully transferred from the Level III Trading Partners, L.P. Litigation Trust **to Patrick Cotter**, or any professional corporation or company in which he holds an interest . . . .

[ECF Doc. 67 at 1-2] (emphasis added). The Consent Order further states:

> The amounts due from the Trustee to the Defendants pursuant to this Order **do not constitute claims on the bankruptcy estate of Level III Trading Partners, L.P., nor on the Level III Trading Partners, L.P. Litigation Trust, and may not be paid from any asset of the estate of Level III Trading Partners, L.P. or from any account or asset of the Level III Trading Partners, L.P. Litigation Trust**.

*Id.* at 2 (emphasis added). The cited provisions of the Consent Order are clear: the Defendants' attorneys' fees may be paid out of fees recovered by Trustee Cotter, and not from the Level III Trading Partners, L.P. estate ("Estate") or from any account or asset of the Level III Trading

Partners, L.P. Litigation Trust ("Trust").  The fact that Trustee Cotter resigned from his duties and failed to apply for fees does not convert the terms of the Consent Order into a claim against the Estate or the Trust; and

**IT IS FURTHER ORDERED** that movant shall immediately serve a copy of this Order on the required parties who will not receive notice through the ECF System pursuant to the Federal Rules of Bankruptcy Procedure and the Local Rules Bankruptcy Rules and file a certificate of service to that effect within three (3) days.

New Orleans, Louisiana, April 20, 2020.

MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE